E-filed 5/10/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG S. WALSH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PROBIOTIC SODA, LLC, et al.,<br><br>    Defendants. | Case No.17-cv-02101-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT COURT JUDGE**<br><br>**ORDER GRANTING IFP APPLICATION**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Defendant Kelly Elley ("Elley") removed this unlawful detainer action from the Santa Cruz County Superior Court. Dkt. No. 1. Elley also seeks leave to proceed in forma pauperis (IFP). Dkt. No. 2. Additionally, Plaintiffs Greg Walsh and Lori Walsh moved to remand this case to state court, and Elley did not oppose this motion. Dkt. Nos. 5, 17. As this matter is suitable for determination without oral argument, the undersigned vacates the hearing on the motion for remand. Civil L.R. 7-1(b). For the reasons stated below, the undersigned grants the IFP application, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C. § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it

determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Elley qualifies financially for IFP status, and the IFP application therefore is granted. Even so, Elley may not proceed in this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before the final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, Plaintiffs' complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Defendant contends that Plaintiffs have artfully plead their unlawful detainer claim to avoid stating a federal claim for relief under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). "[U]nder the artful pleading rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)). Thus, a state law claim for

relief may be deemed to arise under federal law where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. Id. The artful pleading rule is, however, limited in scope, "for it is 'long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Wise v. Suntrust Mortgage, Inc., No. C11-01360LHK, 2011 WL 1466153 *2 (N.D. Cal., Apr. 18, 2011) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)). Moreover, "the 'mere need to apply federal law in a state-law claim' does not 'suffice to open the arising under door' to federal jurisdiction." Id. (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005)).

Plaintiffs' unlawful detainer claim is one of state law; nothing about it is federal in nature. And there is no basis for complete preemption here. "Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." Arco Environmental Remediation, LLC, 213 F.3d at 1114. "Complete preemption, however, arises only in 'extraordinary' situations. The test is whether Congress clearly manifested an intent to convert state law claims into federal question claims." Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 862 (9th Cir.2003) (citations omitted). The PTFA is not a recognized area of complete preemption, and this doctrine will not justify removal. BDA Investment Props. LLC v. Sosa, No. CV 11-03684 GAF (RZx), 2011 WL 1810634, at *2 (C.D. Cal. May 12, 2011).

Nor is there a substantial federal question that would give rise to jurisdiction. Defendant suggests that Plaintiffs were required to have stated a claim under the PTFA in order to carry out an eviction. Dkt. No. 1. Defendant further argues that Plaintiffs did not comply with the PTFA by failing to give 90-days' notice and unlawfully seeking to evict "a bona fide residential tenant of a foreclosed landlord." *Id.* However, courts have held that the PTFA's 90-day notice requirement is a defense to defeat an unlawful detainer action. Wells Fargo Bank v. Lapeen, No. C11-01932 LB, 2011 WL 2194117 at *4-5 (N.D. Cal., June 6, 2011) (citations omitted). As discussed above, a federal defense does not give rise to federal question jurisdiction. In any event, the PTFA cannot

3

raise a substantial federal question because it does not create a private right of action. Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117 (N.D. Cal. June 6, 2011) (concluding, in a similar circumstance, that the PTFA does not create a federal claim allowing evictions); BDA Investment Props. LLC v. Sosa, No. CV 11-03684 GAF (RZx), 2011 WL 1810634, at *2 (C.D. Cal. May 12, 2011); Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. 2009) ("When there is no private right of action under a federal statute . . . , 'the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.") (quoting Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 815 (1986)).

Finally, the PTFA does not provide a basis for federal question jurisdiction because it expired December 31, 2014, and the events at issue in this action occurred long after that date. *Thawani v. Robertson*, No. 16-cv-03732-JCS, 2016 WL 4472986, *1-2 (N.D. Cal. July 18, 2016) ("[E]ven if the PTFA had once provided a basis for removal—which it did not—it would be of no use to [plaintiff] here.").

Though the notice of removal does not assert that the court has jurisdiction on the basis of diversity of citizenship, the court nevertheless addresses this issue. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Defendant fails to identify the citizenship of each party. But this is of no import, since the complaint indicates that the amount in controversy does not exceed $25,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over Plaintiffs' unlawful detainer action, the removal of this case was improper. If a case is improperly removed, the court may award Plaintiffs costs and fees incurred as a result of the removal. 28 U.S.C. § 1447(c). Such an award

4

may be appropriate where the removing party had no objective basis for removal and acted "for the purpose of prolonging litigation and imposing costs on the opposing party." Martin v. Franklin Capital Corp., 542 U.S. 132, 140-41 (2005).

The removal here was objectively unreasonable. Elley, however, is indigent and unrepresented, and there is no indication that this removal attempt is part of a pattern of improper delay. The undersigned thus recommends that the court decline to require Elley to pay Plaintiffs' attorney fees. Elley is advised that future attempts to remove this matter may result in sanctions.

Because Elley has yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: 5/10/2017

HOWARD R. LLOYD
United States Magistrate Judge